Filed 3/29/22  P. v. Jimenez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO JIMENEZ,<br><br>    Defendant and Appellant. | G059589<br><br>(Super. Ct. No. 19CF2971)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Scott A. Steiner, Judge.  Affirmed as modified.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Based on a vehicle-pedestrian collision incident, a jury convicted defendant Ricardo Jimenez of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 1) and leaving the scene of an accident that resulted in an injury to another person (Veh. Code, § 20001, subd. (a); count 2); the jury found true that Jimenez inflicted great bodily injury (Pen. Code, § 12077, subd. (a)). The trial court sentenced Jimenez to an aggregate prison term of 43 years to life based on sentencing enhancement allegations found true for prior serious or violent felony convictions as well as aggravating circumstances.

Jimenez contends the trial evidence was insufficient for the jury to find he had driven his vehicle with the requisite knowledge about his victim's presence. We conclude substantial evidence supports the jury's finding, but because the prison term in the abstract of judgment conflicts with the trial court's oral pronouncement of judgment, we modify the judgment and affirm.

I

FACTUAL AND PROCEDURAL HISTORY[1]

Around one o'clock in the morning in October 2019, two vehicles—a sport utility vehicle (SUV) followed by a Dodge sedan—were driving home from a birthday celebration. Nearing the residence, the vehicles passed a shopping center parking lot as Jimenez was exiting the lot in his Nissan sedan. The Nissan did not have its headlights on and almost ran into the SUV, which swerved to avoid a collision. Forty-five-year-old L.H. was sitting in the SUV's front passenger seat; his wife was the driver and another couple sat behind them.

After the SUV swerved, Jimenez drove in front of the Dodge sedan, which was being driven by L.H.'s son, L.P., with his girlfriend, B.N., as a passenger. As

---

[1] The facts in this section are limited to those relevant to the issues on appeal.

2

Jimenez drove in front of L.P., he braked multiple times. L.P. then drove his Dodge forward next to the Nissan and both vehicles came to a stop in the street.

L.P. and Jimenez began a verbal altercation; the SUV had stopped by a stop sign further up the street. L.H. and the others in the SUV exited the vehicle and began moving toward the two sedans. L.H. and the SUV's other male passenger moved first and L.H. arrived at the passenger side of the Dodge sedan as the words between his son and Jimenez continued.

Then, as L.H. was standing in the middle of the street, Jimenez drove in reverse on an unimpeded path for about one-half of his car's length, then revved the engine, and drove forward so that the vehicle's bumper and windshield struck L.H. Just under 50 seconds before the collision, Jimenez honked his horn.

Witnesses claimed there was sufficient roadway for the Nissan to have driven past L.H. without striking him and that his body left the ground from the impact. L.H. sustained substantial injuries that required a week of hospitalization, including multiple facial fractures and a life-threatening traumatic brain injury.

Jimenez fled the scene of the incident in his Nissan and did not contact emergency responders at any point. Jimenez was later contacted by police officers, arrested, and charged.

At his trial, individual witnesses and responding officers testified and were cross-examined by Jimenez's counsel, who argued the case was about L.P.'s road rage, that Jimenez reacted in fear because of the confrontation, and that Jimenez had not seen L.H. when he drove forward to leave. Documentary evidence presented to the jury included earlier recorded police interviews of trial witnesses and a security camera recording that audibly captured sounds of the collision and some of the events surrounding it, as well as visual images of Jimenez's Nissan fleeing the scene.

II

DISCUSSION

Jimenez contends the judgment should be reversed because there was insufficient evidence he "knew that anyone was in the path of his vehicle." He further asserts that, because his conviction was based on insufficient evidence, he was denied his due process rights.

"In reviewing a sufficiency of evidence claim, the reviewing court's role is a limited one" and the appellant's burden to show error is heavy. (*People v. Smith* (2005) 37 Cal.4th 733, 738-739 (*Smith*).) We "'review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'" (*People v. Story* (2009) 45 Cal.4th 1282, 1296; see *Jackson v. Virginia* (1979) 443 U.S. 307, 319 ["[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"].) We ""must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation].)""" (*Smith, supra*, 37 Cal.4th at pp. 738-739.)

"It is the exclusive function of the trier of fact to assess the credibility of witnesses and draw reasonable inferences from the evidence." (*People v. Sanchez* (2003) 113 Cal.App.4th 325, 330].) "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 (*Zamudio*); see *People v. Lindberg* (2008) 45 Cal.4th 1, 27 ["A reviewing court neither reweighs evidence nor reevaluates a witness's credibility"].)

For the crime of assault with a deadly weapon, CALCRIM No. 875, as given here, requires the jury to find: "1. The defendant did an act with a deadly weapon

4

other than a firearm that by its nature would directly and probably result in the application of force to a person; [¶] 2. The defendant did that act willfully; [¶] 3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; [¶] 4. When the defendant acted, he had the present ability to apply force with a deadly weapon other than a firearm to a person; [and] [¶] 5. The defendant did not act in self-defense." Jimenez does not challenge the instruction's correctness, but contends its third element was not satisfied at trial because the evidence did not show he had been aware that L.H. had been in the path of his vehicle.

Jimenez has failed to demonstrate that the evidence was insufficient to support his conviction. His arguments rest on viewing the trial evidence in a light favorable to his position and not in the light most favorable to the prosecution. For example, Jimenez asserts the evidence against him was "inconclusive" and provided "good reason to think Jimenez was not aware" L.H. was in the path of Jimenez's vehicle when it struck L.H. Jimenez asserts the evidence in this case showed at most his "awareness that he hit someone and a desire to escape, but [not] that he knew he was going to hit someone." As supporting examples, he cites to portions of trial testimony to demonstrate his headlights were off, that he was not focused on what was in front of him, and that the way L.H.'s body moved as a result of the collision showed L.H. had moved from his original position next to his son's sedan by the time he was hit.

Contrary to Jimenez's arguments, there was evidence that was reasonable, credible, and of solid value, for the jury to reasonably find beyond a reasonable doubt that Jimenez had been aware L.H. had been standing in the street under circumstances that would lead a reasonable person to realize that driving as Jimenez did would directly and probably result in the application of force to L.H. Evidence at trial that could have caused a jury to question the accuracy and credibility of testimony does not provide a ground to overturn the jury's supported finding on the point. (*Zamudio, supra*, 43 Cal.4th

5

at pp. 357-358.)  Given the record, Jimenez did not carry his burden to show ""that upon no hypothesis whatever is there sufficient substantial evidence to support"" the jury's verdict." (*Id.* at p. 357.)[2]


### III

### DISPOSITION

We direct the court to modify the abstract of judgment to conform to its oral pronouncements.  We further direct the court to forward a certified copy of the modified abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


ZELON, J.*

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[2]  The prison term in the abstract of judgment in this case, 28 years to life, does not reflect the trial court's oral pronouncement of judgment at Jimenez's sentencing hearing, imposing a term of 43 years to life and staying the sentence for count 2.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 ["An abstract of judgment is not the judgment of conviction; it does not control if [it is] different from the trial court's oral judgment"].)